IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERNON KING, JR. § | | |
|     TDCJ-CID #590316 § | | |
| § | | |
| V. § | | C.A. NO. C-06-145 |
| § | | |
| BRAD LIVINGSTON, ET AL. § | | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

TDCJ-CID prisoner Vernon King, Jr. filed this civil rights action on March 27, 2006, with a cover letter stating: "Emergency Issues: Life In Danger." However, within the body of his complaint, plaintiff complains of a prison disciplinary hearing at which he claims he was denied due process. On May 6, 2006, this case was reassigned to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. 28 U.S.C. § 636(c) (1) (D.E. 12). On May 9, 2006, plaintiff filed an application to proceed *in forma pauperis* ("i.f.p.") (D.E. 13). For the reasons stated herein, plaintiff's application to proceed i.f.p. is denied, and this action is dismissed.

**Three strikes rule**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act ("PLRA), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. Id.

**Analysis**

In his complaint, in response to question VIII concerning past sanctions, plaintiff admits that he has been previously sanctioned by the federal courts for filing frivolous lawsuits. Indeed, plaintiff is a three-strikes litigant, having had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See King v. Little, et al., No. 96-50183 (5th Cir. Jun. 27, 1996); King v. Little, et al., 6:95cv328 (W.D. Tex. Feb. 26, 1996); King v. Dowdy, et al., No. 96-50256 (5th Cir. Jul. 16, 1996); King v. Turner, No. 97-40832 (5th Cir. Feb. 10, 1998); King v. Pace, et al., 6:97cv435 (E.D. Tex. Jun. 12, 1997); and King v. Pace, et al., No. 97-40834 (5th Cir. Feb. 10, 1998). Plaintiff was sanctioned by the Unities States District Court for the Western District of Texas, Waco Division, and there is no indication that the $120.00 sanction has been paid. See King v. Dowdy, et al., 6:95cv368 (W.D.Tex. Mar. 27, 1996). Plaintiff has been barred from proceeding i.f.p. in three actions due to his three strikes status and his failure to allege imminent danger, and has had one action dismissed for the same reason. See King v. Walker, et al., No. 97-40713 (5th Cir. Apr. 10 1998); King v. Warren, No. 97-40713 (5th Cir. Apr. 10, 1998); King v. Johnson, et al., 4:05cv1960 (S.D. Tex. Jun. 14 2005); and King v. Livingston, et al., 2:05cv539 (S.D. Tex. Nov. 28. 2005). Pursuant to the three-strikes rule, 28 U.S.C. § 1915(g), plaintiff is prohibited now from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical harm. See Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

In the instant complaint, save and except his cover letter in which plaintiff states "emergency issues–life in danger," there is no assertion or allegation that he is in imminent danger of serious physical injury. Plaintiff complains of a February 28, 2005 disciplinary hearing at which

he claims his due process rights were violated because he was not allowed to call witnesses on his behalf, his counsel substitute was denied the right to ask questions, he was denied the right to review the disciplinary tapes, and he was denied an appeal. Plaintiff also complains of a grievance dated January 29, **2005**. Even if plaintiff's allegations are true, his complaints about a disciplinary hearing and a grievance that is well over a year old do not suggest imminent danger of serious physical harm.

## **Conclusion**

Plaintiff has lost the privilege of proceeding *in forma pauperis* and he has failed to make any credible allegations that he is in imminent danger of physical harm. Accordingly, plaintiff's application for leave to proceed *in forma pauperis* (D.E. 13) is DENIED and this lawsuit is dismissed without prejudice. Plaintiff may move to reinstate the lawsuit, but only if the $250.00 filing fee is paid simultaneously with the motion to reinstate. Plaintiff's motions for a preliminary injunction (D.E. 8), and for "chapter seven proceedings before a magistrate to prevent offenses" (D.E. 10) are denied as moot.

ORDERED this 16th day of May 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE