IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERNON KING, JR. | § | |
| | § | |
| VS. | § | C.A. NO. C-06-145 |
| | § | |
| BRAD LIVINGSTON, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending is plaintiff's "Motion for More Definite Statement" (D.E 16), which is construed as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons stated herein, plaintiff's motion for reconsideration is denied.

**I. BACKGROUND**

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this lawsuit on March 27, 2006, with a cover letter stating: "Emergency Issues: Life In Danger." (See D.E. 1.) On May 9, he filed a motion to proceed *in forma pauperis* ("i.f.p.") (D.E. 13).

Despite his cover letter, within the body of the complaint, plaintiff complained only of a prison disciplinary hearing, alleging that he was denied due process (D.E. 1). He named as defendants TDCJ Director Brad Livingston; two McConnell Unit wardens, Paul Morales and Norris Jackson; the disciplinary hearing officer, Captain Nelson; and his counsel substitutes, H.R. Rider and J. Saenz. Id.

By order and final judgment entered May 16, 2006, plaintiff's action was dismissed because plaintiff is an abusive litigant as that term is defined in 28 U.S.C. § 1915(g). It was specifically noted that plaintiff has had at least five actions dismissed as frivolous, malicious, or for failure to

state a claim, that he has previously been sanctioned and that the sanction order remains outstanding, and because he did not allege that he was under imminent danger of serious physical injury (D.E. 14, 15). See 28 U.S.C. 1915(g).

On May 23, 2006, plaintiff executed his "Motion for More Definite Statement." See D.E. 16 at 1. In his 2-page motion, plaintiff argues that he showed the Court at the time he filed his lawsuit that he had been "retaliated/harassed/discriminated" by official organizations and gang members, and that staff had housed him with his enemies such that his life was in danger. Id. Plaintiff also states that he demonstrated that he was "poor," such that he should have been granted leave to proceed i.f.p. Id.

## II. DISCUSSION

Though styled as a motion for more definite statement, plaintiff's motion requests that the Court reconsider its order dismissing his case and denying his application to proceed i.f.p. Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). Here, final judgment was entered on May 16, 2006 (D.E. 15). Plaintiff executed his motion for more definite statement on May 23, 2006. See D.E. 16, at 1. That is the earliest date he could have placed the pleading in the prison mail system, and it is deemed filed as of that date. See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998). Therefore, plaintiff's motion is properly construed as a motion to alter or amend judgment under Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment. Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered

evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

Plaintiff's failed to establish at the time of filing suit, and he continues to fail to establish, that he is in imminent danger of *physical harm*. In his original complaint, plaintiff complained that on February 28, 2006, his due process rights were violated at a prison disciplinary hearing. Plaintiff alleged that Captain Nelson denied him the right to call witnesses on his behalf and did not allow his counsel substitutes to cross-examine the witnesses against him. See D.E. 1 at 3-4. He also claimed that officials had filed false charges against him in retaliation for his filing grievances. Id. For relief, he sought monetary damages. Id. at 5. Nowhere in his complaint, save and except his cover letter, was there an allegation of imminent danger of serious physical harm.

Similarly, in his motion for reconsideration, there is no allegation of threat of physical harm. Rather, plaintiff has alleged only that he has been the victim of retaliation, harassment, and discrimination by officials and gang members. See D.E. 16 at 1. However, even if true, allegations of harassment, discrimination, and retaliation do not equate with threats of imminent serious physical injury, and as such, do not provide an exception to § 1915(g). See Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (three-strikes plaintiff prohibited from proceeding i.f.p. unless he can show he is in imminent danger of serious physical harm). Plaintiff has not alleged that he has even once been threatened with physical violence. He has not alleged that he is in the same cell with an enemy. He has not alleged any specific threats. Plaintiff fails to argue that there was any manifest error of law or fact, nor does he present any new evidence to suggest that he is imminent danger of serious physical injury. His application to proceed i.f.p. was denied properly and his case properly dismissed.

## III.  CONCLUSION

Plaintiff has failed to establish manifest errors of law or fact or to present newly discovered evidence as required in a Rule 59(e) motion.  Accordingly, plaintiff's motion for reconsideration (D.E. 16) is DENIED.

ORDERED this 1st day of August, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE