UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VERNON KING, JR. | § | |
|     TDCJ-CID #590316 | § | |
| | § | |
| V. | § | C.A. NO. C-06-145 |
| | § | |
| BRAD LIVINGSTON, ET AL. | § | |

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Pending is plaintiff's motion for leave to proceed *in forma pauperis* ("i.f.p.") on appeal (D.E. 22). For the reasons stated herein, plaintiff's motion is denied.

### Background

TDCJ-CID prisoner Vernon King, Jr. filed this civil rights action on March 27, 2006, with a cover letter stating: "Emergency Issues: Life In Danger." However, within the body of his complaint, plaintiff complained of a prison disciplinary hearing alleging that he had been denied due process (D.E. 1). Plaintiff sought leave to proceed i.f.p. (D.E. 13). By order entered May 16, 2006 (D.E. 14), plaintiff's request to proceed i.f.p. was denied and his case was dismissed based on the finding that plaintiff is an abusive litigant as that term is defined in 28 U.S.C. § 1915(g), having had three or more actions or appeals dismissed as frivolous or for failure to state a claim.

Plaintiff has appealed the dismissal of his lawsuit (D.E. 17). He seeks to proceed i.f.p. on appeal (D.E. 22).

### Discussion

Prison civil rights actions, be they original complaints or appeals, are subject to the provisions of the Prison Litigation Reform Act ("PLRA"), including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or

more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury at the time he filed his complaint or motion to proceed *in forma pauperis*.  28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); Baños v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).  The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee.  Id.

As discussed in the May 16, 2006, order denying plaintiff's motion to proceed i.f.p. and dismissing his complaint,  plaintiff has had three or more actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  See King  v. Little, et al., No. 96-50183 (5th Cir. Jun. 27, 1996); King v. Little, et al., 6:95cv328 (W.D. Tex. Feb. 26, 1996); King v. Dowdy, et al., No. 96-50256 (5th Cir. Jul. 16, 1996); King v. Turner, No. 97-40832 (5th Cir. Feb. 10, 1998); King v. Pace, et al., 6:97cv435 (E.D. Tex. Jun. 12, 1997); and King v. Pace, et al., No. 97-40834 (5th Cir. Feb. 10, 1998).  In addition, plaintiff was sanctioned by the Unities States District Court for the Western District of Texas, Waco Division, and there is no indication that the $120.00 sanction has been paid.  See King v. Dowdy, et al., 6:95cv368 (W.D.Tex. Mar. 27, 1996). Moreover, plaintiff has been barred from proceeding i.f.p. in three actions due to his three strikes status and his failure to allege imminent danger, and has had one action dismissed for the same reason.  See King v. Walker, et al., No. 97-40713 (5th Cir. Apr. 10 1998); King v. Warren, No. 97-40713 (5th Cir. Apr. 10, 1998); King v. Johnson, et al., 4:05cv1960 (S.D. Tex. Jun. 14 2005); and King v. Livingston, et al., 2:05cv539 (S.D. Tex. Nov. 28. 2005).  Pursuant to the three-strikes rule, 28 U.S.C. § 1915(g), plaintiff is prohibited now from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical harm.  See Banos v. O'Guin, 144 F.3d

883, 884 (5th Cir. 1998); <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).  Plaintiff is thus barred from proceeding i.f.p. on appeal unless he is in imminent danger of physical injury.

In his request to proceed i.f.p. on appeal (D.E. 22), plaintiff does not allege that he is in imminent danger of serious physical injury.  Accordingly, plaintiff's motion to proceed *in forma pauperis* on appeal (D.E. 22) is DENIED.  Should plaintiff desire to proceed with his appeal, he must pay the full $455 appellate filing fee within thirty (30) days of the date of entry of this Order.

ORDERED this 14th day of September, 2006.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE